factors bankruptcy courts should consider: "(1) whether the debtor incurred substantial expenses beyond those required to pay for basic necessities and (2) whether the debtor made efforts to restructure his loan before filing his petition in bankruptcy." Pelliccia v. U.S. Dep't of Educ., 67 Fed. Appx. at 91; see also In re Pena, 155 F.3d 1108, 1114 (9th Cir. 1998) (debtors acted in good faith where (1) they made some payments on their loans and (2) although they purchased a car, it was a 20-year-old car); In re Cheesman, 25 F.3d 356, 360 (6th Cir. 1994) (debtors acted in good faith where (1) they made minimal payments on their loans for several years and (2) chose to work in worthwhile professions even though they were low-paying); Brunner, 831 F.2d at 397 (debtor failed to demonstrate good faith when she filed a bankruptcy petition shortly after her student loan payments first became due, and never requested a payment deferment).

Even though Mr. Jones has maintained relatively modest monthly expenses, he has failed to conscientiously strive to maximize his income. As of the date of the hearing, Mr. Jones was unemployed. Mr. Jones has been unemployed, in the aggregate, for roughly four of the last eight years. Between 2002 and 2005, it is not clear that Mr. Jones actively sought any employment outside of what his master's degree program in divinity required. When a debtor has not actively sought employment for a substantial period and is not precluded from doing so by reasons of health or other circumstances, it is difficult for that debtor to demonstrate the requisite good faith effort to repay his student loans as required by the third prong of the Faish test. See Mason, 464 F.3d at

26

885.

Although not dispositive, the evidence at the hearing demonstrated that Mr. Jones declined any effort to restructure his loans before seeking to have them discharged in bankruptcy. Defendant ECMC contends that because the debtor would be eligible for the ICRP, and because his monthly payments would be nominal, debtor cannot demonstrate the requisite good faith required by the third prong of the Faish test.

The ICRP is but one factor to be considered in determining undue hardship; participation in the program is not a prerequisite to dischargeability under section 523(a)(8). See, e.g., In re Durrani, 311 B.R. 496, 506 (Bankr. N.D. Ill. 2004); In re Furrow, 2004 WL 2238536, at *3 (Bankr. W.D. Mo. 2004); In re Strand, 298 B.R. 367, 376 (Bankr. D. Minn. 2003); In re Newman, 304 B.R. 188, 195 (Bankr. E.D. Pa. 2002); see generally In re Ford, 269 B.R. 673, 677 (B.A.P. 8th Cir. 2001).

In addition, Mr. Jones has never made any loan payments on the 18 loans he now seeks to discharge. Upon graduation from the Lutheran Theological Society, the debtor requested and was granted a forbearance on repaying his student loans. When his forbearance expired and his request for an additional forbearance was rejected, Mr. Jones filed his bankruptcy petition and immediately commenced the present adversary proceeding. When this proceeding started, the debtor was employed and earning a salary of $32,000 per year.

The timing of his bankruptcy filing and instant adversary proceeding

27

undermines to some degree Mr. Jones's position that he has acted in good faith to repay his student loans. When he filed this lawsuit, Mr. Jones was still employed by the Department of Corrections. Yet, he never tendered even partial payments toward his student loan obligations; nor did he seek to reduce his monthly payments to an amount related to his net income. Moreover, had he continued his employment with the Department of Corrections, one might expect his income to increase, resulting in an ability to pay off his student loans over time. See also In re Zibura, 128 B.R. 129, 133 (Bankr. W.D. Pa. 1991) ("There is ample reason to believe that Mr. Zibura's future financial condition will improve and that he will be able to pay his student loans without undue hardship. His pessimistic testimony that his salary will not increase in future years is not credible. Mr. Zibura has marketable skills. Moreover, he began his new career as a licensed occupational therapy assistant only a short time ago. He can reasonably expect to receive future promotions with commensurate increases in salary.").

Furthermore, Mr. Jones has not demonstrated a sincere effort to maintain gainful employment upon graduation from the seminary. Mr. Jones was employed with the Pennsylvania Department of Corrections when he filed his bankruptcy petition. He quit this position when his car was repossessed. It is not clear why Mr. Jones ceased making payments on his car—his bankruptcy schedules suggest that he had funds sufficient to keep the payments current. Moreover, if the car was too expensive, as Mr. Jones believes, he offered no evidence of good-faith efforts to obtain a less expensive

vehicle; nor did he offer evidence of good-faith efforts to maintain employment without an automobile: i.e., car pooling with co-workers; readjusting his work schedule; relocating his residence.

Considering all of the evidence, I conclude that Mr. Jones failed to meet his evidentiary burden on the issue of good faith.

### IV.

In summary, after reviewing the testimony and the documentary evidence offered at trial, I conclude that Mr. Jones has not demonstrated by a preponderance of the evidence that repaying his student loans imposes an undue hardship upon him pursuant to 11 U.S.C. § 523(a)(8). Mr. Jones has failed to meet two of the three components demonstrating undue hardship adopted by the Third Circuit in In re Faish, 72 F.3d 298 (3d Cir. 1995). He is a highly-educated, talented, articulate individual without any serious medical condition that would preclude employment. As Congress has now strictly limited discharging student loans, he is obligated to make a greater effort to repay these obligations.

An appropriate order shall be entered.

_____
BRUCE FOX
United States Bankruptcy Judge

Dated: July 22, 2008